**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-7000**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

GARY LEE TIDD,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Fox, Senior District Judge. (7:10-cr-00043-F-1; 7:12-cv-00106-F)

Submitted: October 18, 2013      Decided: October 23, 2013

Before WILKINSON and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Remanded by unpublished per curiam opinion.

Gary Lee Tidd, Appellant Pro Se. Jennifer E. Wells, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gary Lee Tidd seeks to appeal the district court's order denying relief on his 28 U.S.C.A. § 2255 (West Supp. 2013) motion. However, it is unclear whether Tidd's appeal is timely. Because our jurisdiction turns on the question, we direct a limited remand for resolution of the ambiguity. Bowles v. Russell, 551 U.S. 205, 214 (2007) ("[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement.").

Following the denial of his § 2255 motion on April 26, 2012, Tidd had sixty days to notice an appeal. Fed. R. App. P. 4(a)(1)(B). Tidd does not claim to have done so but, instead, alleges that he did not receive notice of the denial until July 17, 2012, at which time he placed in the prison mail system a notice of appeal and a request to extend or reopen the appeal period. Fed. R. App. P. 4(a)(5)-(6). The notice of appeal that Tidd filed with this court in June 2013 includes a purported copy of this July 17, 2012 filing, but the district court shows no record of this document. Houston v. Lack, 487 U.S. 266, 276 (1988).

Accordingly, it is unclear whether Tidd filed a timely, meritorious motion to extend or reopen the appeal period. We therefore remand to the district court for a determination of whether Tidd filed a timely Fed. R. App. P.

2

4(a)(5) or 4(a)(6) motion and, if so, whether that motion should be granted.  The record, as supplemented, will then be returned to this court for further consideration.

REMANDED